UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL NEWSOME,

                         Petitioner,

                                                      **Hon. Hugh B. Scott**

              v.                                      **06CV538**

                                                      **(CONSENT)**

BRUCE YELICH, Superintendent,                         **Decision**
                                                      **&**
                         Respondent.                  **Order**


        Petitioner Michael Newsome has filed an application to this Court for habeas corpus

relief pursuant to 28 U.S.C. § 2254 challenging his state court conviction.   He asserts the

following grounds in support of his Petition:  speedy trial under New York Criminal Procedure

Law § 30.30, failure to hold a hearing on this speedy trial issue, and ineffective assistance of

counsel.  The parties consented to proceed before the undersigned as Magistrate Judge (pursuant

to 28 U.S.C. § 636(c)) (Docket No. 13, December 10, 2006).

                              **BACKGROUND**

*Offense and State Court Proceedings*

        Petitioner was charged with offenses stemming from the sale of crack cocaine in March 7,

2001 (Docket No. 11, Resp't Memo. of Law at 2).  On March 15, 2001, a felony complaint was

lodged against petitioner alleging two counts arising from that drug sale (Docket No. 10, Resp't

Atty. Decl. Ex. B, Metcalfe Aff. ¶ 3) and petitioner was arraigned on that complaint in Elmira

City Court the next day (id., Ex. G, Metcalfe [2d] Supp'al Aff. ¶ 2).  At that appearance, the

Public Defender was assigned to represent petitioner (id. ¶ 3).

On September 5, 2001, the prosecutor offered a plea agreement to petitioner through the

Public Defender (Docket No. 10, Resp't Atty. Decl. Ex. B, Ex. 1).  The next day, the Public

Defender waived the next two weeks for the statutory speedy trial calculation to allow his client

time to consider the plea offer (id., Ex. E, Reilly Aff. ¶ 2; Docket No. 10, Resp't Atty. Decl.

Ex. H, Ex. A (Public Defender's notes)) and to not have the matter presented to the grand jury

during that time.  Petitioner claims, however, that he was never advised of this waiver (id., Ex. E,

Reilly Aff. ¶ 2).

On September 11, 2001, the World Trade Center was attacked and the next day Governor

George Pataki declared a disaster emergency, suspending until further notice (among other

statutes of limitations and the like) the speedy trial deadlines of Criminal Procedure Law § 30.30

during that emergency (id., Ex. B, Ex. 3, Exec. Order No. 113.7).  Governor Pataki later lifted

this suspension of Criminal Procedure Law § 30.30 on October 16, 2001 (see id., Ex. C, Metcalfe

Supp'al Aff. ¶ 8, Ex. 4; N.Y. Exec. Order No. 113.28).

Meanwhile, on September 18, 2001, petitioner appeared in Elmira City Court an inquired

about his rights under § 30.30 (id., Ex. E, Reilly Aff. ¶ 3).  The next day, the Public Defender

told the prosecution that petitioner declined the plea offer (id., Ex. B, Ex. 2).  The case could

have been presented to the grand jury on September 20, 2001, but due to the prosecutor being in

the United States Marine Corps Reserve and the fact that the People did not have sufficient time

from petitioner's rejection of the plea offer to get witnesses before the grand jury the next day

(id., Ex. B, Metcalfe Aff. ¶¶ 6-7; Docket No. 10, Resp't Atty. Decl. Ex. F, Metcalfe [2d] Aff. ¶ 9).

Petitioner was indicted on October 4, 2001 (id., Ex. A, Indictment), with the People handing up the Indictment in open court on October 5, 2001 (id., Ex. C, Metcalfe Supp'al Aff. ¶ 4). The prosecutor and the Public Defender agreed to arraign petitioner on the Indictment on October 15, 2001 (id. ¶ 5). At the October 15, 2001, appearance, however, petitioner was not present. The Public Defender then announced that his office had a conflict in this case and sought to be relieved. The court appointed Kevin Flynn as petitioner's new assigned counsel. (Id. ¶¶ 6-7; Docket No. 10, Resp't Atty. Decl. Ex. F, Metcalfe [2d] Aff. ¶ 14.)

Flynn moved to dismiss the Indictment for petitioner on state law speedy trial grounds in October 2001 (Docket No. 10, Resp't Atty. Decl. Ex. D, Order at 3; Docket No. 11, Resp't Memo. at 3), but the Chemung County Court denied the motion on December 4, 2001 (see Docket No. 11, Resp't Memo. at 3; Docket No. 10, Resp't Atty. Decl. Ex. D). The prosecutor argued there that the state statutory speedy trial clock did not run on the one charge alleged in the Indictment until October 4, 2001, while two counts originally alleged in a criminal Complaint against petitioner ran from March 15, 2001 (Docket No. 10, Resp't Atty. Decl. Ex. B, Metcalfe Aff. ¶¶ 2, 3).

Petitioner argues that the Public Defender affected his speedy trial rights by engaging in this plea negotiations while a conflict of interest existed. First petitioner's newly assigned counsel Flynn moved to dismiss the Indictment, as discussed above, then in April 2002, newly assigned counsel Thomas Reilly moved to reargue that motion (Docket No. 10, Resp't Atty. Decl. Ex. E), both on speedy trial grounds. But both motions were denied holding that the

prosecution had shown trial readiness (Docket No. 11, Resp't Memo. at 3-4; Docket No. 10, Resp't Atty. Decl. Ex. I).

Petitioner plead guilty in July 2002, but petitioner absconded and a bench warrant was issued for his arrest, see People v. Newsome, 17 A.D.3d 785, 729 N.Y.S.2d 365 (3d Dep't), leave to appeal denied, 5 N.Y.3d 766, 801 N.Y.S.2d 260 (2005).  Petitioner filed a state petition for habeas corpus on December 30, 2003 (Docket No. 10, Resp't Atty. Decl. Ex. J), which the Chemung County Court rejected (id. Ex. K).  He was returned in 2004 and petitioner was convicted, on February 2, 2004, in Chemung County Court for attempted criminal sale of a controlled substance in the third degree, in violation of New York Penal Law §§ 110.00, 220.39(1).  He was sentenced (as a second felony offender) to an indeterminate term of imprisonment from three to six years.  (Docket No. 11, Resp't Memo. at 2.)

*Appeal*

Petitioner then appealed his conviction and it was affirmed, People v. Newsome, 17 A.D.3d 785, 729 N.Y.S.2d 365 (3d Dep't), leave to appeal denied, 5 N.Y.3d 766, 801 N.Y.S.2d 260 (2005).  The only ground argued (see Docket No. 10, Resp't Atty. Decl. Ex. L) and discussed by the Third Department was petitioner's objection under Crim. Proc. Law § 30.30 speedy trial, with that court holding that he made a knowing, voluntary, and intelligent waiver of this objection when he plead guilty, 17 A.D.2d 785, 792 N.Y.S.2d at 366.

*Habeas Petition*

Petitioner then filed this Petition on August 14, 2006 (Docket No. 1), arguing denial of his state statutory speedy trial rights, denial of an evidentiary hearing on the speedy trial issue, and ineffective assistance of counsel (due to the conflict for the public defender) (see Docket

No. 11, Resp't Mem. at 8).  Respondent filed an Answer with attached record from the state

court proceedings (Docket No. 10).

## DISCUSSION

I.      Exhaustion

Respondent argues that petitioner's statutory speedy trial claims were not exhausted but

his ineffective assistance of counsel claims were exhausted (Docket No. 11, Resp't Memo. at 9).

In the interest of comity and in keeping with the requirements of 28 U.S.C. § 2254(b),

federal courts will not consider a constitutional challenge that has not first been "fairly

presented" to the state courts.  See Ayala v.  Speckard, 89 F.3d 91, 94 (2d Cir. 1996), citing

Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General of New York, 696 F.2d

186, 191 (2d Cir. 1982) (in banc), cert. denied, 464 U.S. 1048 (1984).  A state prisoner seeking

federal habeas corpus review of his conviction must first exhaust his available state remedies

with respect to the issues raised in the federal habeas petition.  Rose v. Lundy, 455 U.S. 509

(1982).   However, under 28 U.S.C. § 2254(b)(2), where appropriate the Court may deny the

relief requested in the petition upon a review of the merits notwithstanding the failure of the

applicant to exhaust state court remedies.

Based on the record before the Court, it appears that the petitioner has exhausted his state

court remedies regarding the ineffective assistance of counsel claim (see Docket No. 10, Resp't

Atty. Decl. Exs. R-Y).  In any event, review of the claims asserted in the Petition is appropriate

under § 2254(b)(2).

II.      Standard of Review

State court findings of "historical" facts, and inferences drawn from those facts, are

entitled to a presumption of correctness. <u>Matusiak v. Kelly</u>, 786 F.2d 536, 543 (2d Cir.), <u>cert.</u>

<u>denied</u>, 479 U.S. 805 (1986). (See also 28 U.S.C. § 2254(e)(1), which states that "a

determination of a factual issue made by a State court shall be presumed to be correct.")

As amended by the Antiterrorism and Effective Death Penalty Act of 1996[1] ("AEDPA"),

28 U.S.C. § 2254(d) provides that a habeas corpus petition may not be granted with respect to

any claim that was adjudicated on the merits in state court unless the state court's adjudication of

that claim:

> (1)    resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
>
> (2)    resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented
> in the State court proceeding.

The habeas corpus petitioner shall have the burden of rebutting the presumption of

correctness by clear and convincing evidence. The presumption of correctness attaches to

findings both by state trial courts and by state appellate courts.  <u>Smith v. Sullivan</u>, 1 F. Supp. 2d

206, 210-11 (W.D.N.Y. 1998) (Larimer, Ch.J.); <u>Nevius v. Sumner</u>, 852 F.2d 463, 469 (9th Cir.

1988), <u>cert. denied</u>, 490 U.S. 1059 (1989).  As noted by then-Chief Judge Larimer in <u>Smith</u>, "the

new version of § 2254(d) has clearly raised the bar for habeas petitioners, placing on them the

---

[1]    Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132,
110 Stat. 1214.

burden to show by clear and convincing evidence that the state court's decision was defective in some way."  Smith, supra, 1 F. Supp. 2d at 211.

Prior to the enactment of the AEDPA, § 2254(d) provided that a state court "determination after a hearing on the merits of a factual issue ... shall be presumed to be correct," unless certain specified exceptions existed.  When it enacted AEDPA, Congress changed the language dealing with the presumption of correctness of state court findings of fact and moved it to § 2254(e), and also added the current version of § 2254(d).  The amended statute "requires federal courts 'to give greater deference to the determinations made by state courts than they were required to do under the previous law.'"  Ford v. Ahitow, 104 F.3d 926, 936 (7th Cir.1997) (quoting Emerson v. Gramley, 91 F.3d 898, 900 (7th Cir. 1996), cert. denied, 520 U.S. 1122 (1997)); see also Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir.1997) ("AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal conclusion").

Initially, it should be noted that the petitioner has failed to preserve these arguments for habeas corpus review.  Federal habeas review is barred when a state court expressly relied on a procedural default as an independent and adequate state ground.  See Harris v. Reed, 489 U.S. 255 (1989); Wainwright v. Sykes, 433 U.S. 72 (1977).  "A federal court is generally precluded from reviewing any claim included within the habeas petition for which a 'state court rests its judgment on an adequate and independent state ground, including a state procedural bar.'" Bacchi v. Senkowski, 884 F. Supp. 724, 730 (E.D.N.Y.1995) (quoting Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992) (per curiam)).  A state procedural bar arises through a failure to make a timely appeal, or through a failure to preserve a claim of appeal through

7

contemporaneous objection.  Reid, supra, 961 F.2d at 377.  Failure to comply with a state's

contemporaneous objection rule bars subsequent federal habeas corpus review unless petitioner is

able to demonstrate both cause for the procedural default and actual prejudice attributable

thereto.  Wainwright, supra, 433 U.S. at 81-91 (1977); Washington v. LeFerve, 637 F. Supp.

1175, 1177 (E.D.N.Y.1986).  "In order to demonstrate cause for his procedural fault, petitioner

would have to show that 'some objective factor external to the defense impeded counsel's efforts

to comply with the State's procedural rule.'"  Washington, supra, 637 F. Supp. at 1177 (quoting

Murray v. Carrier, 477 U.S. 478, 488 (1986)).  These principles have been applied even where a

defendant represents himself at trial.  Reed v. Farley, 512 U.S. 339 (1994); Wells v. LeFavre,

No. 96 Civ. 3417, 1996 WL 692003 (S.D.N.Y. Dec. 2, 1996).

III.    State Law Speedy Trial Claims

        Two of petitioner's claims here stem from New York Criminal Procedure Law § 30.30

and its speedy trial requirement.  He does not allege any federal constitutional speedy trial issues

or claim that federal right in the state proceedings; in his first motion, petitioner argued only state

statutory law and the Chemung County Court noted that petitioner did not raise a due process

speedy trial issue (Docket No. 10, Resp't Atty. Decl. Ex. D, Order at 3).  Petitioner's motion for

reargument (id., Ex. I) also did not note a federal constitutional speedy trial issue.  While in his

state court habeas petition, petitioner cited to the Eighth Amendment cruel and unusual

punishment and the Fourteenth Amendment due process and equal protection, but all in reference

to the application of New York Criminal Procedure Law § 30.30 (id., Ex. J).  Respondent argues

that these claims were unexhausted and waived when petitioner entered his guilty plea, and (in

any event) his claims are meritless under state law (Docket No. 11, Resp't Memo. at 10-11, 12,

13-14).  Respondent distinguishes this state statutory claim from the federal constitutional right (id. at 11-12), and (in particular) there is no federal constitutional right announced by the United States Supreme Court requiring an evidentiary hearing on a speedy trial motion (id.).

Criminal Procedure Law § 30.30 requires the prosecution to announce its readiness for trial within six months of commencement of a criminal action where the defendant is charged with a felony, N.Y. Crim. Proc. Law § 30.30(1)(a), with that deadline extended under certain circumstances under that act.  Even if this Court were to consider these claims, petitioner's alleged violation of state statutory law is not cognizable by a federal court in habeas review.

Where a procedural bar arises, such as here with waiver by petitioner's guilty plea, a claim is barred from federal habeas review unless the petitioner can demonstrate cause for the procedural default and prejudice flowing therefrom or that the failure to consider the claim will result in a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750 (1990); Vargas v. Keane, 86 F.3d 1273, 1280 (2d Cir.), cert. denied, 519 U.S. 895 (1996).  The Third Department cited exclusively state precedents and petitioner's focus was upon the violation of the state statutory rights.  Therefore, this ground for habeas relief is **denied**.

IV.   Ineffective Assistance of Counsel

Petitioner's second claim is that he received ineffective assistance of counsel while the Public defender's office represented him during the conflict between him and another party.  The Public Defender also represented a prosecution witness on a felony charge while representing petitioner and this conflict was not acknowledged until petitioner appealed and was denied counsel based upon this conflict (Docket No. 1, Pet. at 8).  The conflict, however, was acknowledged much sooner.

Respondent argues that petitioner waived this claim when he plead guilty (Docket No. 11, Resp't Memo. at 15). Further, when the conflict became apparent, the court appointed petitioner new counsel and he now cannot demonstrate that he was prejudiced by the brief period of time that he had conflicted representation (id.). The Public Defender sought to be relieved at the first court appearance following the Indictment and the court then appointed new counsel (id.; Docket No. 10, Resp't Decl., Ex. U, at 1-2). Further, respondent argues that the Chemung County Court's decision on plaintiff's Crim. Proc. Law § 440.10 motion (Docket No. 10, Resp't Decl., Ex. U) was not contrary to United States Supreme Court precedent or involved an unreasonable application of such precedent, hence not susceptible to habeas relief under 28 U.S.C. § 2254(d)(1), or (2) (Docket No. 11, Resp't Memo. at 16).

This claim of ineffective assistance of counsel must be analyzed in this federal habeas proceeding according to the standards set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that the test for an ineffective-assistance claim in a habeas corpus case is whether the petitioner received "reasonably competent assistance." Id. 466 U.S. at 688. In deciding this question, the court must apply an objective standard of reasonableness. Id. Generally, defense counsel are "strongly presumed to have rendered adequate assistance . . ." Id. at 690. To succeed on such a claim, then, the petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

If defense counsel's performance is found to have been defective, relief may only be granted where it is shown that the defense was actually prejudiced by counsel's errors.

Strickland, supra, 466 U.S. at 692.  Prejudice is established upon a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  The court determines the presence or absence of prejudice by considering the totality of the trial evidence.  Id. at 695.

Here, the Public Defender represented petitioner from March 16 through October 15, 2001.  The key actions[2] performed by the Public Defender during this period were to relay the People's plea offer, seek a waiver of the speedy trial time clock for two weeks while the plea was considered (as well as to not have the matter presented to the grand jury during that time), and relaying petitioner's rejection of that plea.  Apparently, the Public Defender represented petitioner and the confidential informant during this period, but, when the conflict was revealed, the Public Defender promptly sought to be relieved (see Docket No. 11, Resp't Memo. at 15-16; Docket No. 10, Resp't Atty. Decl. Ex. U, Order at 2).  Petitioner eventually accepted a plea offer (after two more attorneys represented him) that was similar to the offer initially made to the Public Defender (Docket No. 11, Resp't Memo. at 17, 18).

Petitioner argues that he was prejudiced by the two-week waiver of the Criminal Procedure Law § 30.30 speedy trial.  Respondent contends that this waiver was not motivated by the conflict and that this conflict was not discovered by the Public Defender until October 2001, after the waiver (Docket No. 11, Resp't Memo. at 18).

Under Strickland's first prong, the Sixth Amendment gives a defendant the right to representation by conflict-free counsel, United States v. Levy, 25 F.3d 146, 152 (2d Cir. 1994).

---

[2]The Public Defender also appeared in Elmira City Court regarding the pending felony complaint, see Docket No. 10, Resp't Atty. Decl. Ex. H, Reilly Supp'al Aff., Exs. 2, 3.

Respondent argues that petitioner fails to show an actual conflict of interest between him and the

Public Defender, that is a divergence of their interests (Docket No. 11, Resp't Memo. at 17).

From the state court record, it does not appear that the Public Defender acted contrary to the

interest of petitioner and was unaware of the dual representation until the identity of the

confidential informant was revealed.  The objections petitioner raised (and now raises) were not

tied to the attorney's conflict.

Even if petitioner some how meets the first prong, he does not show how he was

prejudiced by the conflicted representation by the Public Defender.  Once that conflict was

disclosed, the Public Defender was relieved and new counsel was assigned to petitioner.

Petitioner eventually agreed to plead guilty and accept a sentence similar to the one offered to

him when represented by the Public Defender.  The only objection petitioner has argued is delays

under the state speedy trial statute.  The two-week period the Public Defender agreed to waive

(apparently without consulting with petitioner) did not render the prosecution time barred; within

that period the disaster emergency of September 11, 2001, was declared and would have

extended the People's time to state its readiness to prosecute him.  Furthermore, petitioner's

absence prior to his eventual arraignment also stopped the state law speedy trial clock.  Petitioner

thus cannot show any prejudice from this brief conflicted relationship.

Therefore, this portion of the habeas Petition, and thus the entire Petition, is **denied**.

V.      Certificate of Appealability

An appeal from a final order in a habeas corpus proceeding involving process issued by a

state court requires a certificate of appealability before an appeal can be taken.  28 U.S.C.

§ 2253(c)(1)(A).  Under that statute "a certificate of appealability may issue under paragraph (1)

only if the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u> § 2253(c)(2); <u>see</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).  As discussed above, the claims raised by petitioner here do not make a substantial showing of the denial of a constitutional right. There is an adequate independent state law ground that bars federal habeas review.  Thus, the Court **declines** to issue a certificate of appealability.

### CONCLUSION

Based on the above, the Petition (Docket No. 1)is **DENIED**.  The Court **declines** to issue a Certificate of Appealability.  Pursuant to Fed. R. App. P. 22(b)(1), petitioner may request a circuit judge of the United States Court of Appeals for the Second Circuit to issue the certificate. The Clerk of this Court is directed to enter Judgment consistent with this Order and to close this case.

So Ordered.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        May 1, 2007

13